Brett W. Johnson (#021527)
Ian R. Joyce (#035806)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Telephone: 602.382.6000
Email: bwjohnson@swlaw.com
         ijoyce@swlaw.com

Ian Shelton (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
600 Congress Ave, Suite 2000
Austin, TX 78701
Telephone: 512.721.2714
Email: ianshelton@eversheds-sutherland.com

*Attorneys for Plaintiff Nexo Capital Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nexo Capital Inc.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Lance Johansen,<br><br>　　　　Defendant. | No. 2:21-cv-00555-JJT<br><br>**UNOPPOSED MOTION FOR ENTRY OF STIPULATED PERMANENT INJUNCTION**<br><br>Assigned to: Hon. John J. Tuchi |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF STIPULATED**

**PERMANENT INJUNCTION**

46228439.1

**Introduction**

COMES NOW Plaintiff Nexo Capital Inc. ("Nexo") and files this unopposed motion for entry of a stipulated permanent injunction. The parties have negotiated in good faith to avoid litigation, and they have successfully executed a settlement agreement. Pursuant to that agreement, Defendant Lance Johansen has admitted to publishing defamatory statements about Nexo, as reflected in the joint stipulation supporting the permanent injunction. Also pursuant to the stipulated permanent injunction, Johansen agrees to the following narrowly tailored injunctive relief:

1. Mr. Johansen will take down and remove, or has already taken down and removed, all prior defamatory reviews from Trustpilot and any other online platform he has used to publish defamatory statements concerning Nexo Capital Inc.

2. Mr. Johansen will cease and desist from repeating the defamatory statements concerning Nexo Capital Inc., that are identified in the Complaint, including without limitation statements that Nexo Capital Inc. is a fraud, is committing fraud (including by hiring bots or others to write good reviews, or by posting fake reviews), is a scam, liquidated most of its customers' entire accounts, is run by an ex-felon, is a criminal enterprise, is engaged in illegal activity, caused its customers to commit suicide, changed its terms and conditions to say it can do whatever it wants to do without notifying its customers, advertises itself as a risk-free non-margin platform, or is stealing from or robbing its customers.

3. Mr. Johansen will cease and desist from making future defamatory statements concerning Nexo Capital Inc. that are similar to and/or not colorably different than the statements identified in the Complaint, including without limitation statements that Nexo Capital Inc. is a fraud, is committing fraud (including by hiring bots or others to write good reviews, or by posting fake reviews), is a scam, liquidated most of its customers' entire accounts, is run by an ex-felon, is a criminal enterprise, is engaged in illegal activity, caused its customers to commit suicide, changed its terms

46228439.1

and conditions to say it can do whatever it wants to do without notifying its customers, advertises as a risk-free non-margin platform, or is stealing from or robbing its customers.

*See* Exhibit A, ¶¶ 1-3 (Joint Stipulation and Proposed Permanent Injunction executed by all parties, including Mr. Johansen).

**<u>Argument</u>**

Before a court may grant a permanent injunction, the plaintiff must satisfy a four-factor test, demonstrating: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Arizona Dream Act Coalition v. Brewer*, 855 F.3d 957, 977 (9th Cir. 2017).

These four factors are satisfied here. Mr. Johansen has admitted that the statements he published to third parties online were defamatory, as reflected in the joint stipulation supporting the permanent injunction; these statements already reached Nexo's current and potential customers and irreparably damaged Nexo's reputation and business in a way that justifies equitable relief. *See IB Prop. Holdings LLC v. Rancho Del Mar Apartments Ltd. Partnership*, 228 Ariz. 61, 65 ¶ 10 & 12 (App. 2011) (reputation harm is irreparable because it is "uncertain" and monetary damages may be "inadequate") ("Equitable relief may be appropriate to prevent a loss of potential customers."). Nexo will suffer further irreparable harm if this Court does not enter an order requiring Mr. Johansen stop his defamatory publications. The balance of equities tilts sharply in favor of Nexo, as "[t]here is no corresponding hardship in preventing Defendant[] from defaming Plaintiff." *Aegis Council, LLC v. Maldonado*, No. 310CV00756RCJRAM, 2011 WL 12878051, at *7 (D. Nev. Mar. 30, 2011).

Courts in the Ninth Circuit have found that the balance of equities tips towards the victims of defamatory statements, particularly where, as here, such defamation is admitted.

46228439.1

*Xcentric Ventures, LLC v. Stanley*, No. CV-07-0954-PHX-NVW, 2007 WL 1795811, at *1 (D. Ariz. June 21, 2007) (granting a plaintiff's motion for preliminary injunction to halt defamation and tortious interference after defendants made disparaging comments about the plaintiff online); *Nat'l Servs. Grp., Inc. v. Painting & Decorating Contractors of Am., Inc.*, No. SACV06-563CJC(ANX), 2006 WL 2035465, at *1 (C.D. Cal. July 18, 2006) (issuing a preliminary injunction for the removal of a statement in an Internet article). Finally, the public holds a valid interest in preventing unfounded campaigns against businesses and preventing individuals from disseminating defamatory statements on widely-read online review platforms. There is little to no public interest in allowing Mr. Johansen to make admitted defamatory statements that damage Nexo's reputation and business and mislead its consumers.

Many courts have ruled that they have the authority to enter injunctions barring statements that have already been adjudicated (or here, admitted) as defamatory. *See Balboa Island Vill. Inn, Inc. v. Lemen*, 156 P.3d 339, 341 (Cal. 2007) ("[A] properly limited injunction prohibiting defendant from repeating to third persons statements about [the plaintiff] that were determined at trial to be defamatory would not violate defendant's right to free speech."); *Guion Terra Marketing of Nevada, Inc.*, 90 Nev. 237, 523 P.2d 847 (1974) (upholding a preliminary injunction in a defamation action); *Walker, Jr. v. Gill*, No. 2162016CV00316, 2017 WL 9807400, at *2 (N.H. Super. Apr. 10, 2017) (granting a permanent injunction) ("The Court here is persuaded by the logic of the *Balboa* court and others that where, as here, a person persists in making repeated statements that have found to be defamatory, an injunction does not inhibit the defamor's constitutional rights."). *See also Lothschuetz v. Carpenter*, 898 F.2d 1200, 1208–09 (6th Cir. 1990) ("[I]n view of [the defendant]'s frequent and continuing defamatory statements, an injunction is necessary to prevent future injury to [the plaintiff]'s personal reputation and business relations."); *Retail Credit Co. v. Russell*, 218 S.E.2d 54, 62-63 (Ga. 1975) ("Thus, prior to the issuance of the injunction an adequate determination was made that it is unprotected by the first

amendment; the order is based on a continuing course of repetitive conduct; and the order is clear and sweeps no more broadly than necessary") (quotations omitted).

Finally, Arizona courts specifically have issued injunctions enjoining defamatory statements to protect victims of defamation. *See, e.g., Alpha Phoenix Indus. LLC v. SCInternational Inc.*, No. CV-12-1848-PHX-SMM, 2013 WL 5814850, at *6 (D. Ariz. Oct. 29, 2013), *aff'd sub nom. Alpha Phoenix Indus., LLC v. SCI Int'l, Inc*, 666 F. App'x 598 (9th Cir. 2016) ("[T]he Court finds the complained of communications are indeed defamatory; thus, the Court finds that the public's interest would not be injured by ordering Defendants to remove the defamatory communications and enjoining Defendants from making further defamatory communications."); *Xcentric Ventures, LLC*, 2007 WL 1795811, at *1 (granting a plaintiff's motion for preliminary injunction to halt defamation and tortious interference after defendants made disparaging comments about the plaintiff online). This Court should do the same here.

### Conclusion

For these reasons, Nexo respectfully asks this Court to grant its motion for entry of the stipulated permanent injunction executed by all parties, including Mr. Johansen, and attached as Exhibit A. Nexo anticipates filing a notice of dismissal of the entire action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), after the Court rules on the present motion. The parties have negotiated in good faith to settle this matter without the need for further litigation, and the present stipulated permanent injunction is a fair and equitable manner to resolve this dispute and dispose of this case.

46228439.1

DATED this 9th day of June, 2021.

           SNELL & WILMER L.L.P.

           By:/s/ Ian R. Joyce
               Brett W. Johnson
               Ian R. Joyce
               One Arizona Center
               400 E. Van Buren, Suite 1900
               Phoenix, Arizona  85004-2202

           EVERSHEDS SUTHERLAND (US) L.L.P.

           Ian Shelton (*pro hac vice*)
           600 Congress Ave, Suite 2000
           Austin, TX 78701

           *Attorneys for Plaintiff Nexo Capital Inc.*

46228439.1

## **CERTIFICATE OF SERVICE**

I certify that on June 9, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and mailed a copy of same via certified mail to:

Lance Johansen
11545 N. Frank Lloyd Wright Blvd.
Apt. 2093
Scottsdale, AZ  85259-3186
lancejohansen0@gmail.com
Defendant, in Pro Per

 s/ Tracy Hobbs

- 7 -

46228439.1